# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Aggreko, LLC,, | ) |
| | ) |
| Plaintiff, | ) **ORDER DENYING DEFENDANT'S** |
| | ) **MOTION TO DISMISS** |
| vs. | ) |
| | ) |
| Guillermo Barreto and | ) |
| Elite Power, LLC, | ) |
| | ) Case No. 1:16-cv-353 |
| Defendants. | ) |

Before the Court is Defendant Guillermo Barreto's Rule 12(b)(6) "Motion to Dismiss" filed on December 21, 2016. See Docket No. 23. The Plaintiff filed a response in opposition to the motion on January 18, 2017. See Docket No. 27. For the reasons set forth below, the motion is denied.

## I.    BACKGROUND

The factual background, which the Court must accept as true for purposes of this motion, is taken from the complaint. See Docket No. 20.

The Plaintiff, Aggreko, LLC, is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business in New Iberia, Louisiana. None of Aggreko's members are citizens of North Dakota. Aggreko is in the business of renting generators to customers in North Dakota. Defendant Elite Power is a limited liability company, organized under the laws of the State of North Dakota, with its principal place of business in Dickinson, North Dakota. Elite Power's members are citizens of North Dakota. Elite Power is in the business of renting generators to customers in North Dakota. Elite Power is a direct competitor of Aggreko in North Dakota. Defendant Guillermo Barreto is the former Business Development Manager for Agrekko who now works as a Sales Manager for Elite Power.

Aggreko hired Barreto on December 1, 2014, as Aggreko's Business Development Manager for North Dakota. As Aggreko's Business Development Manager, Barreto had access to a substantial amount of confidential and proprietary information and trade secrets belonging to Aggreko relating to Aggreko's operations, customers, business proposals, pricing strategy, client preferences and history, and proprietary pricing models known only within Aggreko, among other sensitive information that Aggreko uses to compete in the marketplace.

As part of his employment with Aggreko, Barreto entered into a Confidentiality Agreement, an Employment Agreement, and an acknowledgment of Aggreko's Information Technology End User Policy ("Agreements"). The Agreements were intended to protect Aggreko's confidential information and ensure this information was not removed from the workplace or used by former employees and Aggreko's competitors.

On June 16, 2016, Guillermo Barreto gave Aggreko notice of his resignation effective June 28, 2016. Barreto notified Aggreko that he was leaving Aggreko's employment in order to develop software he had been working on in connection with a company that is not a competitor of Aggreko. In actuality, Barreto was leaving Aggreko to work for Elite Power. Barreto's Employment Agreement required that he give prior written notice to Aggreko if he were to obtain employment with one of Aggreko's competitors.

After giving Aggreko his notice of resignation and remaining in Aggreko's employ to transition out of the business, Barreto began downloading Aggreko's information from Aggreko's internal computer network systems, onto an Aggreko-owned laptop computer, for use in his position with Elite Power. On June 25, 2016, while still employed by Aggreko, Barreto downloaded Aggreko's trade secrets and confidential information, including selected emails, and other proprietary and confidential information and/or trade secrets belonging to Aggreko onto

his personal external hard drive. This information related to Aggreko's operations, customers, business proposals, pricing strategy, client preference and history, and proprietary pricing models known only within Aggreko, among other sensitive information that Aggreko uses to compete in the marketplace.

Barreto immediately went to work for Elite Power after leaving Aggreko. Both during and after his employment with Aggreko, Barreto used Aggreko's confidential and proprietary information and trade secrets to solicit Aggreko's clients on behalf of Elite Power. Barreto has been using Aggreko's confidential and proprietary information and trade secrets to win business away from Aggreko for the benefit of Elite Power. Barreto violated the Agreements by downloading Aggreko's confidential, proprietary and trade secret information and using it to win business for Elite Power. Barreto has also used and/or disclosed Aggreko information in connection with his job duties with Elite Power. Elite Power has been the beneficiary of Barreto's actions. These actions have caused irreparable harm and monetary damages to Aggreko in terms of lost business and lost future business.

Agrekko filed this action in federal court on September 30, 2016. See Docket No. 1. Barreto filed a Rule 12(b)(6) motion to dismiss on October 27, 2016. See Docket Nos. 13 and 17. In lieu of a response, Aggreko filed an amended complaint on November 11, 2016. See Docket No. 20. Barreto filed a Rule 12(b)(6) motion to dismiss as to the amended complaint on December 21, 2016. See Docket No. 23. Aggreko filed a response in opposition to the motion on January 18, 2017. See Docket No. 27. The matter is now ripe for consideration.

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling the plaintiff to relief. Ulrich v. Pope Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

## III.   LEGAL DISCUSSION

Barreto contends the amended complaint fails to state a claim upon which relief can be granted. The amended complaint contains seven counts, four of which (counts I, IV, V, and VII) pertain to Barreto. Count I alleges misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 et seq. and North Dakota's Uniform Trade Secrets Act, N.D.C.C. § 47-25.1-01 et seq. Count IV alleges breach of the duty of loyalty. Count V alleges breach of contract. Count VII alleges conversion.

Barreto contends Aggreko has not pled its misappropriation claims with sufficient particularity. The Court disagrees. All that is required at this stage of the proceedings is an allegation that Barreto misappropriated Aggreko's trade secrets sufficient to put the defense on notice as to the nature of the claim. Aggreko has alleged Barreto wrongfully acquired its trade secrets and provided them to Elite Power. Aggreko describes its trade secrets as including customer lists and information regarding Aggreko's operations, customers, business proposals, pricing strategy, client preference and history, and proprietary pricing models known only to Aggreko; a description which the Court finds is clearly adequate under Rule 8. The discovery process will provide the parties with the details relevant to the claims, most of which are known to Barreto. It is undisputed that Barreto downloaded information from Aggreko's computer system onto his own personal computer. Given this undisputed allegation, Aggreko's misappropriation of trade secret claims are certainly plausible and not subject to dismissal under Rule 12(b)(6).

Aggreko's other claims are also more than sufficient to survive a Rule 12(b)(6) motion to dismiss. The breach of loyalty claim is supported by the allegation that Barreto, while still employed with Aggreko, contacted and solicited Aggreko customers to move their business to

his future employer, Elite Power, and by North Dakota law which considers employee loyalty to be in the public interest and prohibits employees from soliciting their employer's customers while still working for that employer. See N.D.C.C. § 34-02-14; see also Biever, Drees & Nordell v. Coutts, 305 N.W.2d 33, 36 (N.D. 1981) (holding that an accounting firm had a right to expect an employee would not solicit clients of the firm for himself while he was employed by the firm); Warner and Co. v. Solberg, 634 N.W.2d 65, 72 (N.D. 2001) (discussing an employee's duty of loyalty).

The breach of contract claim is supported by the allegation that Barreto breached the Agreements he signed by failing to provide notice to Aggreko that he was going to work for Elite Power, downloading, using and disclosing Aggreko's information, and soliciting Aggreko's customers. Insofar as the breach of loyalty and breach of contract claims overlap, parties are allowed to proceed on overlapping or inconsistent legal theories even if based on the same fact allegations. See McColl Farms, LLC v. Pflaum, 837 N.W.2d 359, 367 (N.D. 2013).

As for the conversion claim, Barreto candidly admits that "by backing up information from his laptop, Barreto merely made a copy of the information; he did not remove the information from Plaintiff's ownership or control." See Docket No. 23, p. 17. This admission alone is sufficient for Aggreko's conversion claim to survive a Rule 12(b)(6) motion as a conversion claim does not require proof that the property in question was removed from the owner's possession. See Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc., 680 N.W.2d 634, 638 (N.D. 2004) (describing conversion as the "tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner").

## IV. CONCLUSION

The Court has carefully reviewed the amended complaint. Viewing the amended complaint in a light most favorable to the Plaintiff and drawing all reasonable inferences therefrom, the Court finds the amended complaint to be more than adequate under Rule 8. The amended complaint contains a detailed factual statement which supports the claims and which the Court finds is sufficient to put Barreto on notice as to Aggreko's allegations. Accordingly, Barreto's motion to dismiss (Docket No. 23) is **DENIED.** The motions to dismiss filed in relation to the original complaint (Docket Nos. 13 and 17) are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 13th day of March, 2017.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court