# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | | |
|---|---|---|
| AGGREKO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| GUILLERMO BARRETO and | ) | |
| ELITE POWER, LLC, | ) | |
| | ) | Case No.: 1:16-cv-353-DLH-CSM |
| Defendants. | ) | |

The parties, by and through their respective counsel, stipulate to the entry of this Protective Order concerning confidential information, as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL" information covered under the terms of this protective order shall include documents, materials and/or information produced either by Aggreko, LLC ("Plaintiff), or by Guillermo Barreto and/or Elite Power, LLC ("Defendants"), when designated as "CONFIDENTIAL" as provided herein, (a) concerning current or former employees of Aggreko or Elite Power (including Guillermo Barreto), including personnel or personnel-related documents or internal memoranda; (b) concerning business or financial documents, information,

research, development or commercial information, which any party contends is proprietary, confidential or a trade secret; (c) concerning personal information relating to any employee of Aggreko or Elite Power and (d) obtained through releases concerning personal identification, financial and/or tax records, when designated as "CONFIDENTIAL." As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for Aggreko and Elite Power;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and inconspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

7. All depositions shall be treated as CONFIDENTIAL until expiration of thirty (30) days after the deposition. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the

terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. If a party seeks to refer to or attach documents or discovery material designated as "CONFIDENTIAL" with any pleading, motion or other paper to be filed with the Court, the party must file a motion for leave to file under seal accompanied by a memorandum in support setting forth the legal basis for sealing the documents or discovery material, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of documents or discovery material designated as "CONFIDENTIAL" contain sensitive information, and a party seeks to file the documents or discovery material with the Court, or if a party seeks to file any paper that quotes or excerpts any "CONFIDENTIAL" document or discovery material, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 14th day of April, 2017.

                                     /s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court